Filed 5/6/16  P. v. Roberson CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B261580 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA416243) |
| v. | |
| KEVIN L. ROBERSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ronald H. Rose, Judge.  Affirmed as modified.

Mary Jo Strnad, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Robert C. Schneider, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant Kevin Lamont Roberson was convicted by jury in count 1 of carjacking, in violation of Penal Code section 215, subdivision (a).[1]  In count 2, defendant was convicted of grand theft of an automobile, in violation of section 487, subdivision (d)(1).  Defendant admitted suffering a prior serious felony conviction for purposes of section 667, subdivision (a), and the three strikes law, as set forth in section 667, subdivisions (b)-(i) and 1170.12, subdivisions (a)-(e).  The trial court sentenced defendant to 23 years in state prison, consisting of the upper term of 9 years on the carjacking conviction, doubled under the three strikes law, plus five years for the section 667, subdivision (a) prior conviction.  A concurrent term of three years in state prison was imposed on the grand theft charge.

Defendant raises two issues on appeal.  First, he argues the trial court's denial of his *Romero*[2] motion to dismiss his prior conviction under the three strikes law was an abuse of discretion because the court failed to consider a sealed pretrial psychiatric report that had been prepared to determine defendant's competency to stand trial.  Second, defendant contends, and the Attorney General concedes, that the abstract of judgment does not accurately reflect the number of days of conduct credit awarded by the court.  We order the abstract of judgment corrected, and otherwise affirm the judgment.

## FACTS

The facts are not in dispute, and are briefly summarized for purposes of this appeal.  On September 11, 2013, the victim in count 1 left her vehicle on the street, unlocked and running, with the keys in the ignition, while she went indoors to pick up her child from the babysitter.  The victim saw defendant enter the vehicle and yelled at him to stop.  She tried to enter the vehicle on the driver's side.  Defendant began to drive

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

away with the victim's clothing stuck on the seat adjustment lever, leaving her with one foot in the vehicle and the other foot outside. Defendant punched her twice in the face and once in the ribs before the victim rolled away from the vehicle. The victim suffered various injuries including bruising and scratches. Defendant was found by officers near the vehicle the next day. Defendant initially said his sister gave him the vehicle, but later admitted taking it from the victim, although he denied striking her.

On August 21, 2013, the victim in count 2 left her van in the driveway of her residence while she went inside to retrieve food to take to a party. The vehicle was left running with the keys in the ignition. She saw the vehicle being driven away, but did not see the driver. The vehicle was recovered not far from the victim's home. Defendant confessed to taking the van in a tape recorded statement.

## DISCUSSION

### Failure to Consider the Sealed Pretrial Competency Report

Defendant argues the trial court abused its discretion by ruling on his *Romero* motion without having read and considered a sealed pretrial psychiatric report. The report was prepared in November 2013 by Dr. Kory J. Knapke, who had been appointed to assess defendant's competency to stand trial. The report detailed defendant's extensive psychiatric history, which included years of diagnosed mental issues,[3] an extensive criminal record, commitment as a mentally disordered offender (§ 2962) and other psychiatric hospitalizations, a brain injury resulting in a lengthy coma, and defendant's delusional and paranoid beliefs. Although Dr. Knapke diagnosed defendant with "psychotic disorder, not otherwise specified," he concluded defendant was competent to stand trial. The judicial officer who conducted the pretrial proceedings found defendant competent to stand trial.

---

[3] Defendant was diagnosed at different times with organic personality disorder and antisocial personality disorder.

*The Written Romero Motion*

After the jury returned guilty verdicts, defense counsel filed a *Romero* motion, seeking to have the trial court dismiss defendant's 1998 conviction for robbery, which constituted a prior conviction under the three strikes law. The motion cited the basic principles of *Romero* and discussed additional California Supreme Court authorities. The motion argued the court should dismiss the prior conviction because it was based on conduct occurring in 1996. Before the prior conviction was resolved in 1998, defendant had been found incompetent to stand trial and had been committed to Patton State Hospital for 22 months. The motion forthrightly conceded defendant had not been crime-free after serving five years in prison on the robbery conviction, but argued that if the strike prior conviction were stricken, defendant still could be sentenced to 14 years 8 months in state prison.

*The Probation Report*

The probation report contains defendant's criminal history. Defendant had two sustained juvenile delinquency petitions: a 1984 sustained juvenile petition for unlawful taking or driving a vehicle (Veh. Code, § 10851) and a 1986 commitment to the California Youth Authority on a charge of possession of marijuana for sale (Health & Saf. Code, § 11359). Defendant's adult criminal history included the following: a 1989 conviction for misdemeanor joyriding (former § 499); a 1989 conviction for violating Vehicle Code section 10851 resulting in a two year prison sentence; 1994 convictions for exhibiting a firearm (§ 417), battery on a peace officer (§ 243, subd. (b)), and resisting or obstructing an officer (§ 148); a 1995 conviction for obstructing or resisting an executive officer (§ 69); a 1995 conviction for sexual battery (§ 243.4, subd. (d)); a 1998 conviction of robbery (§ 211) resulting in a five year prison sentence, during which defendant was arrested on three occasions for battery on a custodial officer (§ 243.1), each of which was

4

resolved administratively; and a 2007 conviction of Vehicle Code section 10851 resulting in a seven year prison sentence.

The probation report reflects defendant was found incompetent to stand trial for a period of time during the proceeding on the robbery conviction, and that "defendant has been committed to the Patton State Hospital on several occasions, for mental competency evaluations." Defendant was on parole at the time of the current offenses. He is a registered sex offender. The probation officer noted that "defendant has performed poorly on community based supervision," he "continues to re-offend," he is "on parole for a similar offense," and defendant "is a threat to the safety of others" whose conduct warrants a state prison sentence. The probation officer identified six factors in aggravation of punishment and one in mitigation (defendant admitted guilt at an early stage.)

*Hearing on the Romero Motion*

The trial court stated it had read the *Romero* motion. Defense counsel reiterated that defendant would be subject to a substantial prison sentence if the motion were granted. The prosecutor opposed the motion, asking the court to consider the probation report and defendant's criminal history. The court stated it "has very carefully examined the defense motion, the defendant's prior record, and the offense before the court today. [¶] The court cannot in good conscience grant the motion under the *Romero* case to strike the prior conviction based upon the totality of the facts . . . ."

*Sua Sponte Obligation to Read the Pretrial Psychiatric Report*

The premise of defendant's appellate contention is that the trial court did not reasonably exercise its discretion in ruling on the *Romero* motion, because the court failed to read Dr. Knapke's sealed pretrial report on defendant's competency to stand trial. Defendant points out the judicial officer who ruled on the issue of competency did

not preside over the trial, and the trial judge denied the *Romero* motion without the benefit of Dr. Knapke's recitation of defendant's mental health issues.

We reject the contention. Defendant's *Romero* motion did not request the trial court to consider Dr. Knapke's report, and the trial court was under no obligation to seek out a source of information not relied upon by the parties. In fact, the record sheds no light on whether the trial court was aware of the existence of the sealed report or the subject of the report. The record does not reveal whether the sealed copy of the report was even in the court file at the time of the *Romero* motion. It is a common practice for judicial assistants in the trial court to remove sealed and confidential documents from the court during proceedings, to avoid the documents being inadvertently revealed.

Defendant speculates that trial counsel was unaware of the report, because defendant had different counsel when Dr. Knapke reported on defendant's trial competency, and trial counsel made no reference to defendant's history of mental issues at the hearing on the *Romero* motion. There is nothing in the record to show that defense counsel was unaware of Dr. Knapke's report or that he did not know defendant's mental health history from other sources. We note that although defendant was represented in court by different counsel early in the proceedings and at trial, he was at all times represented by the Los Angeles County Public Defender.[4] There is no reason to assume, on this record, that trial counsel did not have access to all the information obtained while defendant was represented by the Los Angeles County Public Defender.

There is no reason why a trial court would assume that a competency report is necessarily relevant to sentencing issues, particularly after a defendant has been found competent for trial. Defendant cites no authority for the proposition that a trial court has

---

[4] Defendant does not argue that trial counsel provided ineffective assistance by failing to ask the court to read Dr. Knapke's report in connection with the *Romero* motion, and reasonably so. Competent counsel could rationally conclude as a tactical matter that more harm than good would come from consideration of Dr. Knapke's report, which contains abundant negative information regarding defendant's prior criminal conduct and current mental condition indicating defendant remains a significant threat to the safety of the community.

an obligation to seek out information not relied upon by the parties at trial. For purposes of appeal, we review the ruling of the trial court based on the record before the court at the time of the hearing on the motion. (See *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 379 [ruling on motion to sever trials of defendants is reviewed on appeal based on the facts as they appeared at the time of the motion]; *People v. Welch* (1999) 20 Cal.4th 701, 739 [review of competency determination is limited to evidence before the court at the time of the ruling, not evidence produced later].) We next address the contention that the court erred in denying the *Romero* motion.

### *Review of Denial of Romero Motion for Abuse of Discretion*

The standards for review of the denial of a *Romero* motion are well-settled. *Romero*, *supra*, 13 Cal.4th at pp. 530-531, held that the trial court has discretion under section 1385, subdivision (a), to dismiss a prior strike conviction on its own motion for purposes of the three strikes law. "We therefore believe that, in ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, 'in furtherance of justice' pursuant to Penal Code section 1385(a), or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).) In *Romero,* the court "implied that, in that balance, no weight whatsoever may be given to factors extrinsic to the scheme, such as the mere desire to ease court congestion or, a fortiori, bare antipathy to the consequences for any given defendant. (See [*Romero*, *supra*, 13 Cal.4th] at p. 531.) We also implied that, in that same balance, preponderant weight must be accorded to factors intrinsic to the scheme, such as the nature and circumstances of the defendant's present felonies and prior serious and/or

7

violent felony convictions, and the particulars of his background, character, and prospects.  (See *ibid.*)" (*Ibid.*)

Applying the deferential abuse of discretion standard of review (*Williams*, *supra*, 17 Cal.4th at p. 162), defendant has fallen short of demonstrating that the trial court abused its discretion based on the evidence before it.  The trial court was aware of defendant's mental issues based on the probation report, the *Romero* motion, and its own observations.  The court was also aware that defendant's strike prior conviction occurred in 1998 and that defendant confessed to the charged offenses.  These circumstances do not establish, as a matter of law, that the totality of defendant's conduct showed he is outside the spirit of the three strikes law.

The conviction in count 1 for carjacking is both a serious felony (§ 1192.7, subd. (c)(27)) and a violent felony (§ 667.5, subd. (c)(17)).  Looking beyond the labels of the offense, defendant's conduct during the carjacking placed the victim in count 1 in danger of serious injury as defendant drove away with her clinging to the vehicle.  It was fortuitous that the victim was not more seriously injured either from defendant's punches or from being thrown from the moving vehicle.  As to the grand theft charge in count 2, defendant committed grand theft of the victim's vehicle simply because the opportunity presented itself.

The trial court could reasonably conclude that defendant fell within the spirit of the three strikes law considering his unabated criminal history dating of 30 years, the serious nature of the offense in count 1, and defendant's unsatisfactory performance on parole.  The probation officer's description of defendant as a threat to the safety of the community is supported by defendant's criminal history and conduct in this case. Defendant's prospects for rehabilitation are improbable based on this record.  The trial court did not abuse its discretion in denying defendant's *Romero* motion.  (*Williams*, *supra*, 17 Cal.4th at pp.162-164.)

**Correction of Conduct Credits in the Abstract of Judgment**

The trial court awarded defendant custody credit for 491 days  and conduct credits of 73 days.  The abstract of judgment reflects the proper amount of custody credit, but misstates the conduct credits as 23 days.  We agree with the parties that 73 days is the correct calculation of conduct credits, and order the abstract of judgment corrected to reflect the court's oral pronouncement of judgment.

## DISPOSITION

The abstract of judgment is ordered corrected to reflect an award of 73 days of conduct credit.  The trial court is to forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects the judgment is affirmed.


KRIEGLER, J.


We concur:



TURNER, P. J.



BAKER, J.

9